UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

       -v-                            :     **INFORMATION**

ALEX RABINOVICH,                  :     08 Cr.

              Defendant.     :

- - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DATE FILED: MAR 14

08CRIM 220

## COUNT ONE

(Securities Fraud)

The United States Attorney charges:

### Relevant Persons and Entities

1.     At all relevant times, Rabinovich & Associates, LP ("R&A"), was a limited partnership purportedly organized in December 2002 that purportedly maintained a place of business in New York, New York, and which operated out of offices at 502 Gravesend Neck Road, Brooklyn, New York. R&A held itself out as an "independent investment company whose affiliates offer a broad array of financial products and services."

2.     At all relevant times, ALEX RABINOVICH, the defendant, a resident of Brooklyn, New York, and a self-described "private wealth manager," was the General Partner of R&A, and was responsible for the day-to-day operations and management of R&A.

### The Fraudulent Scheme

3.     From in or about December 2003, up to and including in or about November 2007, ALEX RABINOVICH, the defendant, and others known and unknown, engaged in an illegal scheme to defraud members of the investing public by soliciting

investments in a purported pooled investment fund (the "Fund") managed by RABINOVICH. To effect this illegal scheme, RABINOVICH made, or caused others to make, false and fraudulent representations to potential investors to induce them to invest in the Fund by purchasing limited partnership interests therein, and thereby to entrust their monies to RABINOVICH for the purported purpose of trading in the stock market. These false and fraudulent misrepresentations included claims that: (i) R&A and the Fund used investors' funds for the purpose of trading in the stock market or other similar investments; (ii) R&A and the Fund had a history of generating extraordinary profits for investors through their investment strategy, and (iii) R&A was a Wall Street firm and a member of the National Association of Securities Dealers ("NASD"), the New York Stock Exchange ("NYSE"), and the Securities Investor Protection Corporation ("SIPC").

       4.     ALEX RABINOVICH, the defendant, claimed, in among other places, an internet website maintained by and devoted to R&A (the "R&A Website") to which RABINOVICH and his employees directed investors and potential investors, that R&A had substantial investing experience, and the Fund had a consistently and highly positive investment track record. For example, the website described R&A's purported "experience and success with institutional clients," and further stated that the fund had "exceptional performance" and maintained "successful relationships . . . with multi-million dollar clients." The Website further asserted that, at the end of 2003, the Fund had discontinued its business with institutional investors and at that point "welcomed the average investor." In fact and in truth, and as RABINOVICH well knew, among other things, neither the Fund nor R&A ever had any institutional investors.

5. ALEX RABINOVICH, the defendant, also claimed, in among other places, the R&A Website, that, from inception, R&A had achieved a 127.3% return in its "moderate growth fund" and a 442.9% return in its "aggressive growth fund." The website further claimed, for example, that R&A achieved a 123.90% return in 2004, an 84.20% return in 2005 and a 54.70% return in 2006. Moreover, according to the website, in the firm's worst quarter ever -- purportedly the only quarter in the three-year period when the quarterly return was less than 11.80% -- it achieved a 6.10% return. In fact and in truth, and as RABINOVICH well knew, since it began trading, R&A's trading activity resulted in net losses in every quarter.

6. ALEX RABINOVICH, the defendant, also claimed, or caused others to claim, that investors' monies would be invested in the stock market and other similar investment vehicles, for the benefit of the investors. In fact and in truth, and as RABINOVICH well knew, substantial amounts of investors' funds were simply misappropriated by RABINOVICH, who used those funds to pay for his own personal living expenses, as well as for his own entertainment, including his casino gambling.

7. In furtherance of the scheme, ALEX RABINOVICH, the defendant, lulled investors by sending and causing to be sent to investors a series of false, periodic account statements reflecting profits purportedly generated by trading for those investors' accounts. These account statements falsely informed investors (a) that their funds were invested in the stock market, and (b) that their investments were generating profits. In fact and in truth, and as RABINOVICH well knew, the purported profits stated on those account statements were false, and those investors' funds were either misappropriated by RABINOVICH, or the investors had suffered losses, not made profits.

8. In furtherance of the scheme, ALEX RABINOVICH, the defendant, lied to investors by sending and causing to be sent to investors false, periodic account statements on letterhead which represented that R&A (a) was a member of the NASD, the NYSE, and SIPC, and (b) maintained an office located on Wall Street, New York, NewYork. In fact and in truth, and as RABINOVICH well knew, R&A (a) was not a member of the NASD or the NYSE, and its customers' accounts were not insured by SIPC, and (b) did not maintain an office space on Wall Street, but merely a mail drop.

9. During the course of the fraudulent scheme described above, from in or about December 2003, up to and including in or about November 2007, ALEX RABINOVICH, the defendant, caused losses totaling approximately $2,312,822 to approximately 137 investors.

## Statutory Allegation

10. From in or about December 2003, up to and including in or about November 2007, in the Southern District of New York and elsewhere, ALEX RABINOVICH, the defendant, unlawfully, willfully, and knowingly, directly and indirectly, by the use of means and instrumentalities of interstate commerce, the mails, and the facilities of national securities exchanges, did use and employ manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of

business which operated and would operate as a fraud and deceit upon persons in connection with the purchase and sale of limited partnership interests in R&A's Fund.

(Title 15, United States Code, Sections 78j(b) and 78ff;
Title 17, Code of Federal Regulations, Section 240.10b-5; and
Title 18, United States Code, Section 2).

**FORFEITURE ALLEGATION**

11.     As a result of committing securities fraud as alleged in Count One of this Information, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5, ALEX RABINOVICH, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the securities and mail fraud offenses alleged in Count One of this Information, including but not limited to the following:

a.     A sum of money equal to at least $ 2,300,000.00 in United States currency, representing the amount of proceeds obtained as a result of the alleged securities and mail fraud offenses, including but not limited to:

(1) Any and all funds, up to and including approximately $197,348.18 in Account No. 17265972, in the name of Rabinovich and Associates, L.P., held at TradeStation Securities, located in Plantation, Florida;

(2) Any and all funds, up to and including approximately $191,025.13 in Account No. 2731042467, in the name of Rabinovich and Associates, L.P., held at J.P. Morgan Chase, New York, New York;

5

$81,938.14 in Account No. 740406384, in the name of Rabinovich and Associates, L.P., held at J.P. Morgan Chase, New York, New York; and

(4) Any and all funds, up to and including approximately $69,151.08 in Account No. 831-056-2058, in the name of Rabinovich and Associates, L.P., held at Astoria Federal Savings Bank, New York, New York;

### Substitute Asset Provision

12. If any of the forfeitable property, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981(a)(1), 982,
and Title 28, United States Code, Section 2461).

*[signature]*
MICHAEL J. GARCIA
United States Attorney

6

Form No. USA-33s-274 (Ed. 9-25-58)

===

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

===

UNITED STATES OF AMERICA

- v -

ALEX RABINOVICH,

Defendant.

===

**INFORMATION**

08 Cr.

(Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2)


           MICHAEL J. GARCIA
          United States Attorney.

===

3-14-08 /NF/ Deft pres with attorney Mr. Strazzullo, A.U.S.A. Mr. Seigal pres. Courtreporter pres Deft. withdraws plea of Guilty and enters a plea of guilty to Count #1 P.S.I Ordered. Sentencing set for June 19, 2008 @ 4:30 Bail Cont.

                              Pitman
                              U.S.M.J